976 F.2d 735
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Patricia SANDERS, Plaintiff-Appellant,
v.
NORGE, A DIVISION OF MAYTAG CORPORATION, Defendant-Appellee.
 No. 91-2879.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 21, 1992.*
Decided Sept. 23, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Patricia Sanders sued her employer, Norge, a Division of Maytag Corporation, under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000(e) et seq. She claimed that in retaliation for complaining about being sexually harassed by her supervisor, Norge transferred her to a less desirable job. After a two-day bench trial, the district court issued a Memorandum and Order containing findings of fact and conclusions of law. The court found that Sanders filed a charge with the Illinois Department of Human Rights (IDHR) on June 4, 1984 and that she had knowledge of her claim more than 300 days before that date. The court concluded that Sanders' claim for retaliatory transfer was time-barred under 42 U.S.C. § 2000e-5(e).
 
 
 2
 Sanders raises one issue for appeal. She argues that the district court should have found her charge was timely filed on May 10, 1984, which is when her attorney allegedly sent a letter of complaint to IDHR. Essentially, Sanders challenges the district court's finding that Sanders filed her charge with IDHR on June 4, 1984.
 
 
 3
 According to Federal Rule of Civil Procedure 52(a), "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." A finding of fact is clearly erroneous " 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' " Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).
 
 
 4
 Sanders never produced the May 10 letter from her attorney to IDHR at any time during the two-day trial. Instead, she introduced into evidence a formal charge filed by her with IDHR on June 4, 1984. Plaintiff's Exh. 9. The only evidence offered at trial concerning the existence of the May 10 letter was her testimony that she had a copy of the letter at home and that she could produce that copy. Tr. I, p. 82. Although Sanders knew that the date of the filing of the charge was a disputed fact, see Tr. I, p. 39, she never indicated any desire to introduce the letter into evidence, apparently because of her trial strategy.[1] Understandably, based on this evidence, the district court found that Sanders filed her charge with IDHR on June 4, 1984.
 
 
 5
 On appeal, Sanders submitted with her brief a "Separate Book of Exhibits," which contained a document purporting to be a copy of the May 10 letter. Norge moved to strike the document from the record on appeal. Norge argued that the document was not part of the record as defined in Fed.R.App.P. 10. Judge Easterbrook considered the matter, agreed, and granted Norge's motion to strike.
 
 
 6
 The record properly before us does not contain the May 10 letter, only Sanders' testimony that the letter was sent. The record does, however, contain the formal charge filed by Sanders on June 4, 1984. As such, on the entire evidence, we are not left with the definite and firm conviction that the district court erred by finding that Sanders filed the charge on June 4, 1984. We therefore AFFIRM the judgment of the district court.
 
 
 
 *
 Appellant Patricia Sanders filed a pro se motion to waive oral argument, which we granted. After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Her position at trial was that the running of the 300-day period did not begin until she became aware of certain facts supporting her claim on September 26, 1983. Sanders reasoned that if the 300-day period did not begin to run until September 26, 1983, then the June 4, 1984 filing would have been timely. See Tr. I, p. 7